FILED
United States Court of Appeals
Tenth Circuit

February 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER A. NEWSOM,

Plaintiff-Appellant,

v.

OTTAWA COUNTY BOARD OF
COMMISSIONERS; OTTAWA
COUNTY SHERIFF'S DEPARTMENT;
OTTAWA COUNTY DISTRICT
ATTORNEY; MARGERY HAWKINS,

Defendants-Appellees.

No. 12-5108
(D.C. No. 4:11-CV-00609-JHP-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

One day Christopher Newsom and his son walked out of their home to find a

strange dog attempting to break into their chicken pen. It seems Mr. Newsom's son

was none too pleased and shot the dog. In the ensuing commotion, though, it was

somehow Mr. Newsom who found himself charged with animal cruelty and the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reckless discharge of a firearm. Though the charges were dropped in the end, Mr. Newsom sued various governmental entities and a witness for instigating them, alleging that they violated his federal constitutional rights as well as state law.

Applying *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the district court held that Mr. Newsom's amended complaint failed to state a plausible claim for relief. To be sure, Mr. Newsom's pleading listed many causes of action — false imprisonment, malicious prosecution, abuse of process, tortious interference with business contract, and negligent failure to train, among others. But his amended complaint did little more than recite the elements of those causes of action, without explaining which defendants committed which wrong or how. And as *Twombly* instructs and the district court held, that type of pleading "will not do." 550 U.S. at 555.

On appeal, Mr. Newsom advances no argument that the district court improperly applied *Twombly* and *Iqbal*, that his amended complaint satisfied *Twombly* and *Iqbal*, or that the district court otherwise erred in dismissing his complaint under Rule 12(b)(6). He *does* challenge the defendants' alternative argument for affirmance (that they are immune from suit). But he never challenges their primary contention and the district court's holding that the amended complaint simply failed to state a claim. Although we appreciate Mr. Newsom is proceeding *pro se* and we must take special care to review his pleadings liberally, his filings simply supply no reason to think the district court erred in applying the Supreme

Court's controlling directions on adequate pleadings. Without such a reason, we must and do affirm. *See, e.g.*, *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (even pro se litigants waive arguments they fail to raise).

Entered for the Court


Neil M. Gorsuch
Circuit Judge